87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randy Allen MYERS, Plaintiff-Appellant,
v.
J.W. HUSKEY, Warden, Defendant-Appellee.
 No. 95-15591.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, Jr., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Allen Myers, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant Huskey in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and affirm.
 
 
 3
 Prisoners objecting to conditions of their confinement are required to satisfy both an objective and subjective component to the challenge. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Allen v. Sakai, 48 F.3d 1082, 1083 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995). To withstand a motion for summary judgment, a prisoner must not only allege that he was subjected to unconstitutional conditions, he must also allege facts sufficient to indicate that jail officials were deliberately indifferent to his complaints. See Farmer, 114 S.Ct. at 1977.
 
 
 4
 Myers contends that the district court erred by granting summary judgment because Myers presented evidence to show that Huskey was deliberately indifferent to the excessive noise in the prison housing unit caused by television sets, the public address system, the fire alarm, and other inmates. This contention lacks merit.
 
 
 5
 After a de novo review of the record, we agree with the district court that Myers failed to present evidence to show either that the noise levels in the prison constituted an excessive risk to his health or that Huskey acted with deliberate indifference to Myers's complaints about the noise levels. Myers failed to meet his burden of establishing a genuine issue of material fact as to whether Huskey subjected him to cruel and unusual punishment in violation of the Eighth Amendment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, the district court did not err by granting summary judgment in favor of Huskey. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal